UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

RAISHAWN KEY
    Plaintiff,
-v-
CITY OF AUGUSTA, sued in its
official capacity, ROBERTA FOGG,
WILLIAM, BRIDGEO, SUE GOSSELIN,
JOHN DOE #1, JOHN DOE #2,
JOHN DOE #3, JOHN DOE #4, sued in their
official and individual capacities
    Defendants.

Case No.
Hon.
Mag. Judge

## COMPLAINT WITH JURY DEMAND

*Introduction*

This is a civil rights action field by Raishawn Key, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging a constitutional deprivation of legal right to vote in the 2016 presidential and state election in violation of the 15th amendment to the United States Constitution. The petitioner also alleges the state tort of voter discrimination.

*Jurisdiction*

1. The Court has jurisdiction over the plaintiff's claims of violation of constitutional rights under 42 U.S.C. §§ 1331(1) and 1343.
2. The Court has supplemental jurisdiction over the plaintiff's state law tort claim under 28 U.S.C. § 1367.

*Parties*

3. Plaintiff, Raishawn Key, was incarcerated at the Maine State Prison-Warren located at 807 Cushing Road, Warren, ME. 04864 during the events described in this complaint.
4. Defendant, the City of Augusta, is a municipality in the state of Maine and is the governmental unit responsible for the administration and execution of state voting laws for Maine citizens whose primary physical address is within Augusta city limits. The city of Augusta is sued in its official capacity.
5. Defendant Roberta Fogg is the City Clerk for the City of Augusta and is responsible for the administration of its voting laws. She is sued in her individual and official capacity.

6. Defendant William Bridgeo is the City Manager for the City of Augusta who is the chief governmental administrator for the City of Augusta. He is sued in his individual and official capacity.
7. Defendant Sue Gosselin is an employee within the City of Augusta Clerk's Office and her exact duties and responsibilities are presently unknown to the plaintiff. She is sued in her individual and official capacity.
8. Defendant John Doe #1 is an employee within the City of Augusta Clerk's Office and is currently unknown to the plaintiff. John Doe #1 is being sued in his/her individual and official capacity.
9. Defendant John Doe #2 is an employee within the City of Augusta Clerk's Office and is currently unknown to the plaintiff. John Doe #2 is being sued in his/her individual and official capacity.
10. Defendant John Doe #3 is an employee within the City of Augusta Clerk's Office and is currently unknown to the plaintiff. John Doe #3 is being sued in his/her individual and official capacity.
11. Defendant John Doe #4 is an employee within the City of Augusta Clerk's Office and is currently unknown to the plaintiff. John Doe #4 is being sued in his/her individual and official capacity.
12. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

*Facts*

13. On September 28, 2016, petitioner completed the *Maine Voter Registration Application*, *Application for Absentee Ballot November 8, 2016 General and Referendum Election*, and *Maine Department of Corrections Voter Registration Oath/Affirmation* which was signed and notarized in the presence of Notary Public Freemont Anderson, whose commission expires on April 12, 2018.
14. On all three documents, I recorded my residential address prior to becoming incarcerated as follows: **3 Noyce CT Apt #1 Augusta, ME.**
15. These documents were submitted by hand to Matthew Dunlap, Maine Secretary of State, at the Maine State Prison-Warren, who took these documents into his possession for further processing.
16. On November 7, 2016, I received a letter on stationary designated as being from the *City of Augusta City Clerk/Treasurer's Office* dated November 3, 2016, five days in advance of the date in which the elections were being held, informing me that my request could not be accepted due to a non-existing street address. Sue Gosselin signed this letter.
17. On May 22, 2013, I was issued a Maine State Identification Card, Identification Number 4486340 through the Maine Department of Motor Vehicles. The address listed on this identification card is as follows: **3 Noyce CT Apt #1 Augusta, ME.** This address is identical to the one that I submitted on my *Maine Voter Registration Application*.
18. The address as captioned in paragraphs fourteen and seventeen were input into Google Maps and the results of this search indicated the address is geographically valid.

19. Letters dated November 12, and November 15, of 2016 were mailed to the *City of Augusta City Clerk/Treasurer's Office* asking for an explanation as to the rejection of my application materials on November 3, 2016 and asking for instructions on how to lodge a formal complaint against the city. No response as of yet has been forthcoming. On November 30, 2016, petitioner sent Roberta Fogg, Augusta City Clerk and William Bridgeo, Augusta City Manager, a **Notice of Claim** regarding the issues presented in this complaint.

*Exhaustion of Administrative Remedies*

20. Petitioner has pursued and exhausted all possible avenues for administrative remedies with regard to the issues presented in this complaint.

*Claims for Relief*

21. The actions of defendant City of Augusta in improperly refusing to provide petitioner with an absentee ballot in order to exercise his constitutional and legal right to vote in the 2016 was done negligently, without cause, and prejudicially as a means of disenfranchising him from participating in this well-established democratic process.
22. The actions of defendants Fogg and Bridgeo in implementing departmental policies and practices within the City Clerk's office amounted to causing discriminatory and prejudicial restrictions on petitioner's constitutionally protected right to exercise his voice through the elections process.
23. The actions of defendant Fogg, Gosselin, Doe #1, Doe #2, Doe #3, and Doe #4 in rejecting petitioner's physical address amounted to negligence through improper implementation and execution of City Clerk Office policy directives and protocols that disqualified petitioner in his voter registration efforts.

*Relief Requested*

A. Issue a declaratory judgment stating that:
   1. The voter discrimination of the plaintiff by Defendants City of Augusta, Roberta Fogg, William Bridgeo, Sue Gosselin, and John Doe's #1-4 violated the plaintiff's rights under the fifteenth amendment to the United States Constitution and constituted voter discrimination under state law.
B. Issue an injunction ordering defendant City of Augusta and its agents to:
   1. Immediately implement policies that prevent the city from improperly disenfranchising duly authorized citizens from the right to register to vote and exercise such right through the absentee ballot process.
C. Award compensatory damages in the following amounts
   1. $75,000 jointly and severally against defendants Fogg, Bridgeo, Gosselin, and John Doe's #1-4 resulting from their negligent and discriminatory denial of petitioner's constitutional right to vote

      2. $100,000 against the City of Augusta for permitting discriminatory and prejudicial policies and practices to occur that resulted in the petitioner experiencing voter discrimination and disenfranchisement.
- D. Award Punitive damages in the following amounts:
    1. $20,000 each against each defendant Bridgeo and Fogg
    2. $10,000 each against each defendant Gosselin and John Doe's $1-4
- E. Grant such other relief as it may appear the plaintiff is entitled.

Date:

Respectfully Submitted,


Raishawn Key
Maine State Prison
807 Cushing Road
Warren, ME. 04864