UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RAISHAWN KEY, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 1:17-cv-00007-JCN |
| CITY OF AUGUSTA, et al., | ) | |
| Defendants | ) | |

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

In this action, Plaintiff, an inmate at the Maine State Prison, alleges that Defendants unlawfully interfered with his right to vote in November 2016. More particularly, Plaintiff asserts Defendants prevented him from voting at least in part because he was incarcerated at the time.

The matter is before the Court on Plaintiff's Motion to Dismiss Without Prejudice. (ECF No. 17.) In the motion, Plaintiff asserts that he does not have the resources to prosecute the matter. Defendants oppose the motion, and ask the Court to make a determination on the merits. (ECF No. 18.) The Court grants the motion, and dismisses the matter without prejudice.

### Background

Plaintiff filed his complaint on January 5, 2017. After Defendants filed their response to the complaint (ECF No. 13), the Court issued a scheduling order, which designated August 23, 2017, as the deadline for completion of discovery. (ECF No. 14.)

According to Defendants, both parties engaged in discovery following the Court's issuance of the scheduling order. Plaintiff filed the motion to dismiss on June 30, 2017.

## Discussion

Because Defendants answered Plaintiff's complaint, Plaintiff cannot voluntarily dismiss his action without a court order. Fed. R. Civ. P. 41(a)(2). In *Colon-Cabrera v. Esso Standard Oil Co. (P.R.)*, 723 F.3d 82 (1st Cir. 2013), the First Circuit discussed the factors relevant to a court's determination whether to grant a plaintiff's request to dismiss an action without prejudice.

First, the Court observed that under Rule 41(a)(2), "dismissal without prejudice is the norm, 'unless the court finds that the defendant will suffer legal prejudice.'" *Id*. at 88 (quoting *P.R. Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981)). In addition, the Court noted: "The mere prospect of a subsequent lawsuit does not constitute such prejudice." *Id.* (citing *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)). The Court then wrote:

> Voluntary dismissal under Rule 41(a)(2) is conditioned on court permission to protect the nonmovant from unfair treatment. Such unfairness can take numerous forms, including the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation of the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant. For example, it is appropriate to consider whether a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling. A plaintiff should not be permitted to force a defendant to incur substantial costs in litigating an action, and then simply dismiss his own case and compel the defendant to litigate a wholly new proceeding.

*Id.* (citations and internal quotations omitted).

Here, Defendants primarily cite the time and effort expended in discovery, and the prospect of future litigation as the prejudice they would suffer in the event the Court dismissed Plaintiff's complaint without prejudice. Defendants also represent that they were "gathering the facts in preparation for a summary judgment filing" when Plaintiff filed his motion to dismiss. (Defendants' Opposition at 8, ECF No. 18.) Defendants contend they would be able to establish that Plaintiff was unable to register to vote because he erred in the street address he provided Defendants, and not due to an unlawful reason. In support of their argument, Defendants assert they can present evidence that they approved the voter registration of a similarly-situated individual who provided a valid street address. (*Id.* at 6, 9.)

The First Circuit's analysis reveals that the stage of the proceedings at which a plaintiff seeks to dismiss a claim is significant to a court's assessment of whether to grant a plaintiff's motion to dismiss without prejudice. As a general rule, the closer the matter is to trial and the greater a defendant's commitment of time and resources to the defense of the claim, the more likely the dismissal should be with prejudice. Although Plaintiff filed his motion after Defendants responded to his discovery initiatives, Plaintiff filed the motion approximately two months before the close of discovery and more than four months before the expected trial date. Furthermore, Plaintiff filed the motion before Defendants incurred the cost of filing a summary judgment motion.[1] Finally, a review of the docket fails to

---

[1] When a plaintiff requests dismissal without prejudice and the court is inclined to grant the motion with prejudice or subject the dismissal to other conditions, the plaintiff is entitled to withdraw the motion. *Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575 (6th Cir. 2010); *Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988); *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 931 (9th Cir. 1986); *Cruz-Mendez v. Hosp. Gen. Castaner, Inc.*, 637 F. Supp. 2d 73, 75 (D.P.R. 2009).

reveal any evidence to suggest Plaintiff has been dilatory or unreasonable in the conduct of the case. Under the circumstances, the Court is persuaded that a dismissal without prejudice is appropriate.[2]

**Conclusion**

Based on the foregoing analysis, the Court grants Plaintiff's motion to dismiss, and dismisses this action without prejudice.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of September, 2017.

---

[2] The Court recognizes Defendants' concern that in the event Plaintiff renews his claim, Defendants could be required to devote more time and resources to the same discovery in a renewed action as the parties conducted in this case. The Court notes that in certain circumstances the Court can authorize the use of the discovery generated in this action in any renewed action. *See*, *e.g.*, *Kehoe Component Sales Inc. v. Best Lighting Prod.*, *Inc*., 933 F. Supp. 2d 974, 992 (S.D. Ohio 2013). Defendants, therefore, can ask the Court to consider such relief if Plaintiff reasserts the claim.